McClure et el. vs. Owens.

## McCLURE ET AL. VS. OWENS.

1. DOWER IN PERSONALTY:

The wife has no inchoate right of dower in the personalty of her deceased husband before his death, as she has in his real estate; and he can mortgage and dispose of the same free from dower.

2. ————: *Mortgage.*

The widow does not, by the assignment of dower, in personalty which was mortgaged by the husband during his life, acquire a title that she can set up against the mortgage.

3. CLAIMS AGAINST ESTATES: *Mortgage Probate.*

A mortgagee need not probate his claim against the estate of a deceased mortgagor, but may proceed under a power contained in the mortgage, for its satisfaction.

APPEAL from *Conway* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Fletcher,* for appellant.

*Reid, contra.*

HARRISON, J.:

This was an action of replevin by Nancy Owens against Lewis McClure and M. O. Burton, composing the firm of McClure & Co., for one mule, two horses and four head of cattle of the value of $230, commenced before a justice of the peace, and transferred, on application of the defendants, to the Court of Common Pleas.

The defendants denied the plaintiff's title and claimed possession of the property under a mortgage from William Owens, then deceased, who was the husband of the plaintiff and the owner of the property at the time of his death.

The plaintiff recovered judgment in the Court of Common Pleas, and the defendant appealed to the Circuit Court. In the Circuit Court the plaintiff again recovered a verdict, and the defendant, after moving for a new trial, which was refused, and

judgment against them, took a bill of exceptions and appealed to this court.

It is sufficient to merely state the facts, as to which there was no controversy.

The property in controversy belonged to William Owens, whose widow the plaintiff is. On the 22d day of April, 1875, he executed a mortgage of it to the defendants to secure a debt he owed them, and containing a power to them, if the debt was not paid on the 1st day of November, 1875, when it fell due, to take possession of the property and to sell it for the satisfaction of the debt.

The mortgage was acknowledged by Owens, but not recorded in his lifetime. Owens died on the 26th day of October, 1875,' and, on the 28th day of the same month, the defendants filed the mortgage for record. Administration on Owens' estate was granted on the 26th day of November, 1875, to J. N. Mitchell, who had the property in controversy appraised as part of Owens, estate. The defendants, after the appraisement, took it in possession, and, after they had taken possession thereof, the administrator set apart and assigned it to the plaintiff as her dower in the personal estate.

The defendants presented no claim against Owens' estate to his administrator for allowance.

The mortgage, though unrecorded, was valid between the parties, and was equally as valid after the death of Owens as before; his death did not in the least impair the rights of the defendants; *Haskill* v. *Sevier*, 25 Ark., 152.

The wife, by marriage, has no such inchoate right of dower in the personal estate of her husband as she has in his real estate, and he may sell, mortgage or dispose of the same at his pleasure. Her right of dower in his personal estate does not accrue until his death, and only in such as he then owns.

It was decided in *Arnett* v. *Arnett*, 14 Ark., 57, and again in *James* v. *Marcus*, 18 Ark., 421, that where an execution is levied upon personal property of the debtor in his lifetime, the officer, by the levy, acquires a special property in the goods, and may proceed to sell them after his death; and that the debtor does not die possessed of them within the meaning of the statute upon the subject of dower, and his widow is not entitled to dower therein.

The lien of the defendant's mortgage was paramount to the plaintiff's right of dower, and though the property had been set apart to and assigned her by the administrator, she had no title that she might set up against it.

The defendants were not required to probate their claim against Owens' estate, but entitled to proceed under the power given in the mortgage for its satisfaction. *Richardson* v. *Hickman, adm'r, et al., ante; Barber* v. *Peay, adm'r*, 31 Ark., 392; *Nicholls & Barrett* v. *Gee*, 30 Ark., 135; *Hall* v. *Denckla*, 28 Ark., 506.

The judgment is reversed and the cause remanded to the court below, with instructions to grant the defendants a new trial.