## WOLFF V. PERKINS.

CHATTEL MORTGAGE: *Unrecorded; Lien as against mortgagor's widow.*
 The lien of an unrecorded chattel mortgage remains valid after the mortgag-
 or's death, and may be enforced against the mortgaged property after
 the legal title thereto has vested in the widow, under the statute which
 gives her the right to her deceased husband's estate when it does not
 exceed the value of $300.

APPEAL from *Pike* Circuit Court in Chancery.

H. B. STUART, Judge.

The complaint in this action alleges, that on the second day of April, 1884, Joseph M. Perkins, being indebted to the plaintiff in a certain sum of money, in consideration thereof, and of any other indebtedness he might contract during that year, and to the time of the satisfaction of the mortgage mentioned below, executed to the plaintiff a mortgage, exhibited with the complaint, by which he conveyed to the plaintiff, in the usual form and by proper description, his crops, two mules and a wagon, with the usual power of seizure and sale in case of default, etc. That the mortgage was indorsed, "to be filed but not recorded," and was filed in the recorder's office, where it still remains, but that no affidavit had been subsequently filed therewith by the plaintiff, to show his interest therein. That plaintiff afterwards, during said year, furnished Perkins merchandise, money, etc., to a certain amount, and received from him a certain amount in cotton and money, leaving due the plaintiff a balance, the amount of which is stated. That during the following year the plaintiff furnished other supplies amounting to a sum named, upon the faith of the mortgage, and received cotton, etc., in part payment, leaving due the plaintiff upon the whole account, which is exhibited, a balance $187.81, which remains wholly unpaid. That of the

mortgaged property only the two mules and the wagon remain in existence; that Perkins died about January, 1886, having the wagon and mules in his possession; that in the same month the defendant, as his administratrix, filed in the probate court an inventory of his estate, which is exhibited, including therein the mules and wagon. That afterwards the probate court, without notice to the plaintiff, made an order vesting absolutely in the defendant as widow of the mortgagor, Perkins, the entire estate of the latter, including said mules and wagon. (The order is exhibited and recites that the value of the estate is shown to be less that $300.) That the defendant holds the mules and wagon, claiming to own them under said order, and refuses to deliver them to the plaintiff, or to pay his debt, and that unless restrained by the court, she will sell or otherwise dispose of them, leaving the plaintiff without remedy for his debt. The prayer is for a restraining order, for judgment for the debt and a sale of the mortgaged property. The defendant demurred to the complaint on the grounds, (1) That the complaint discloses facts which preclude the plaintiff from equitable relief, and (2) "That the complaint on its face shows that the lien sought to be enforced therein is void."

The demurrer was sustained and the complaint dismissed. The plaintiff appealed.

*Jones & Martin*, for appellant.

The order vesting the property in appellee was strictly in accordance with the law. *Mansfield's Digest*, sec. 3.

Even without the order of the probate court, the estate of J. M. Perkins, being found not to exceed $300, vested absolutely in his widow, the appellee. *Hampton et al. v. Physick*, Adm'r, 24 Ark., 561. *Harrison v. Lamar*, 33 Ib., 824. *Word, Adm'r, v. West*, 38 Ib., 243.

But it cannot be contended that she acquired any greater estate than her husband held. The property was subject to the lien of the mortgage at the time of the husband's death, and the widow acquired it subject to the same lien. The fact of its being unrecorded does not alter the case, so far as she is concerned. *Haskill v. Sevier*, 25 Ark., 152. *McClure et al. v. Owens*, 32 Ark., 443. *Martin et al. v. Ogden*, 41 Ib., 186.

The endorsement upon the mortgage, "to be filed but not recorded," is a compliance with the statute, even as against third parties. *State v. Smith*, 40 Ark., 431.

Appellee had no inchoate right of dower in her husband's personalty, and he could mortgage and dispose of it free from dower, which he did. *McClure et al. vs. Owens*, 32 Ark., 443, supra.

The order of the probate court, vesting her deceased husband's estate absolutely in her, did not vest in her a title better than the widow's by dower in the personalty of her deceased husband, or one which she could set up against the mortgage. Ib.

Nor was it necessary for appellant to probate his claim, even if there had been anything remaining to the estate of the mortgagor, Perkins. Ib., and authorities there cited.

*R. G. Shaver*, for appellee.

COCKRILL, C. J.

The title to an intestate's estate when less than three hundred dollars vests in the widow by virtue of the statute. *Hampton v. Physick*, 24 Ark., 561; *Wood v. West*, 38 Ib., 243. She succeeds to such interest as her deceased husband had at his death—no more. Her condition is no better than that of the administrator or the heir when there is no widow,

and her title is not superior to that which vests in the widow by the assignment of dower. An unrecorded mortgage, executed by the intestate, remains a valid lien after his death as against the administrator or the heir, (*Martin v. Ogden*, 41 Ark., 186) and as to personal property takes precedence of the widow's dower. *McClure v. Owens*, 32 Ark., 443. It follows that an unrecorded mortgage of chattels may be enforced against property, the legal title of which has vested in the widow by virtue of the statute which confers upon her the right to her deceased husband's estate when less than $300 in value.

It was error, therefore, to sustain the demurrer to the complaint.

It is not necessary to determine whether the mortgage was intended to cover all of the indebtedness claimed to be due, or whether the payments made by the mortgagor operated to extinguish the mortgage debt. It is sufficient for the purpose of this appeal that the complaint alleges that the debt secured by the mortgage is due and unpaid and that the demurrer admits that to be true.

Reverse the judgment and remand the cause with instructions to overrule the demurrer.