## Barnhill's Estate

*Theodore Klein,* for exceptant.

*Webster S. Achey,* contra.

BOYER, J., November 9, 1936. — This matter arises upon exceptions filed by Norristown Production Credit Association to the widow's exemption and appraisement filed by Reba K. Barnhill, widow of Edward Barnhill, deceased, and confirmed nisi on August 3, 1936. The property claimed by the widow and appraised by appraisers appointed by the court includes $272.75 in cash and chattels consisting of miscellaneous articles of farm equipment and live stock valued at $227.25.

On March 16, 1936, Edward Barnhill executed and delivered to exceptant a chattel mortgage upon the crops, etc., growing on his farm, certain enumerated farm implements and live stock, and "all other after acquired property of the same class", which mortgage was recorded on the same day in the Recorder's Office of Bucks County in Chattel Mortgage Book 2, at page 133. The mortgage further provided that upon the death of the mortgagor all of the obligations secured by the mortgage might be declared due and payable, the mortgagee waiving all notices. The mortgagor died on May 5, 1936, less than two months after the execution of the chattel mortgage. All of the personal chattels claimed by the widow under her exemption come within the description of the terms of the mortgage and were, therefore, subject to the mortgage at the time of the death of the mortgagor.

The sole question raised by the exceptions and argued by counsel for exceptant and counsel for the widow is whether the lien and rights of the mortgagee under its chattel mortgage are superior to that of the widow under her exemption claim. The mortgage in question was created under the provisions of the Act of March 2, 1933, P. L. 6, sec. 1, as amended by the Act of April 18, 1935, P. L. 38, sec. 1. This precise question has never been decided in any reported case in this State.

A similar question, however, was passed upon by the Orphans' Court of Dauphin County in Radel's Estate, 42 Dauph. 387, in an opinion by President Judge William M. Hargest. In that case, however, the chattel mortgage was executed on May 18, 1934, under the provisions of the Chattel Mortgage Act of March 2, 1933, P. L. 6, before its amendment. That court held, in a well-considered opinion, first, that a real estate mortgage, even though not a purchase money mortgage, is superior in its lien to the rights of a widow under her exemption, citing Nerpel's Appeal, 91 Pa. 334, Kauffman's Appeal, 112 Pa. 645, Titus' Estate, 18 D. & C. 344, Randal v. Jersey Mortgage Investment Co. et al., 306 Pa. 1, and Bulger v. Wilderman et al., 101 Pa. Superior Ct. 168; second, that under the Chattel Mortgage Act of 1933, supra, a chattel mortgage is not comparable to a real estate mortgage, because the act gives the mortgagee no right of possession to the mortgaged chattels; third, that the widow was entitled to the mortgaged chattels under her claim of exemption, discharged of the lien of the chattel mortgage; and, fourth, inferentially, that, if the Chattel Mortgage Act had given the mortgagee the right of possession of the mortgaged chattels, then the chattel mortgage would have been comparable to a real estate mortgage and would have been superior to the widow's claim.

We are entirely in accord with that learned court's opinion and conclusions. However, that case was decided under the provisions of the Act of 1933. Since that mortgage was given, the Act of 1933 has been amended by the Act of 1935, supra, providing, in part, that upon default the mortgagee "shall have the right without process of law immediately to take possession of the mortgaged property". This amendment appears clearly to supply the defect in chattel mortgages which formerly distinguished them in their nature from real estate mortgages. It would seem that they are now entirely comparable to real estate mortgages and are, therefore, superior in their lien to the

rights of a widow under her exemption claim. A chattel mortgagee now has a qualified title in the mortgaged property giving him the remedies of foreclosure and sale and the right to take possession. There can be no question as to the right of the owner of chattels to dispose of them by gift, sale or otherwise during his lifetime without any power on the part of his wife to question it either before or after his death. If during his lifetime he had the absolute power of disposition of the entire title to his personal property, it is difficult to conceive of any reason why he could not dispose of a qualified or defeasible title to the same which would likewise be binding upon his widow in case of his death. This is especially true when the legislature has specifically provided a method for the conveying of such a qualified title, by mortgage, including the right of possession. In Arkansas, where chattel mortgages have been in force for half a century, they are held to be superior to the rights of the surviving widow of the mortgagor: Wolff v. Perkins, 51 Ark. 43, 9 S. W. 432; McClure et al. v. Owens, 32 Ark. 443. We must conclude, therefore, that this chattel mortgage was binding upon all persons claiming through or under the mortgagor, which would include his widow, and that in claiming these chattels she takes them subject to the mortgage, and that the appraisers should have appraised only decedent's interest in the chattels over and above the mortgage lien, stating its value, if any.

Now, November 9, 1936, the exceptions to the widow's exemption and appraisement are sustained and the appraisement of the personal chattels is set aside, with directions that the same be appraised at their value, if any, over and above the lien of the chattel mortgage.

From Isaac J. Vanartsdalen, Doylestown.