HARRISON *v.* HARRISON.

5-2518                                                  351 S. W. 2d 441

Opinion delivered December 4, 1961.

*Sydney S. Taylor,* for appellant.

*Ben J. Harrison,* pro se; *E. C. Thacker,* for Arkansas National Bank; *Ray Mitchell,* for Shriner's Hospital.

PAUL WARD, Associate Justice.   We are here concerned with the allotment of a widow's dower and with the jurisdiction of the Probate Court to construe a will.

Ben F. Harrison of Hot Springs died testate in December, 1959 survived by his widow, Myrtle Harrison (appellant), a son, Ben J. Harrison, and a daughter, Natalie (Harrison) Gleaton, both appellees. His personal property was valued at about $16,000 and his real

property was valued at about $80,000. That portion of his real estate which is involved here is a two-story business building valued at about $72,000, producing $1,425 per month in rentals. Also involved are two $5,000 U. S. Bonds not listed in the inventory.

The deceased's will left his property as set out below:

1. Widow: 1/3 of all personal property, and 1/3 of the net income from the real property during her lifetime.

2. Son and daughter each: 1/3 of all personal property; 1/3 of the net income of real property for and during the lifetime of the widow.

3. It was provided that upon the death of the widow 1/3 of real estate went to each of the following: his son, his daughter, and the Shrine Crippled Children's Home, Shreveport, Louisiana.

4. It was further provided: (a) The Arkansas National Bank of Hot Springs would be executor of his estate if his wife predeceased him, or (b) If he predeceased his wife, said bank would be Trustee with power "to take complete control of my real property and to manage said property for the best interest of my estate," with power to mortgage or sell the real estate if it be for the preservation and benefit of the estate.

The will was duly ordered to be admitted to probate and record on December 14, 1959. On April 8, 1960 the widow (appellant) filed her election to take against the will, i. e.: "to take from the estate of Ben F. Harrison that property which I would have received if Ben F. Harrison had died without leaving a will."

On July 14, 1960 appellant filed a Petition of Allotment of Dower, asking that "dower be allotted to her in the above described real estate," referring to the said two-story building. On November 2, 1960 she amended her petition to ask that the "executor be directed to rent the real estate until further orders of the court, in the

manner directed by the court and that a third of the net rents be paid to Mrs. Myrtle Harrison'."

On July 23, 1960 Ben J. Harrison (the son) filed an answer in which he questioned the jurisdiction of the Probate Court to allot appellant an undivided 1/3 interest for life in the building. The prayer was that the property be sold and dower allotted out of the proceeds as provided by law. In an Amended Answer it was alleged that the real estate consisted of commercial rental units in one building, indivisible, and not susceptible to dower allotment under the provisions of Ark. Stats. §§ 62-711, 62-713 and 62-716, except with great prejudice to the widow and remaindermen. The prayer was that the property be sold free of dower, and that dower be allotted out of the proceeds of such sale as provided by law.

On October 3, 1960 the bank (as executor) and the son filed a Petition to Construe the Will in which they asked the court to construe the will to determine if, by reason of appellant's renunciation, the interests of the remaindermen have been accelerated so that the bank can proceed as Executor (and not as Trustee) to file a Final Account and be relieved of further services, or to file in Chancery to have Trusteeship perfected.

On March 8, 1961 the Probate Court considered the foregoing pleadings without hearing testimony and made the following findings:

(a) Since the widow has elected against the will her interest in her husband's real estate is the same as if no will existed, and the real property is vested, subject to the widow's dower, in the remaindermen, their estates having accelerated by virtue of the widow's election.

(b) The "widow is entitled to a one-third interest for life in all real estate owned by Ben F. Harrison at the time of his death," but the widow is not entitled to dower in the manner requested in her petition.

(c) The decree was in accordance with the above finding, stating that the remaindermen (the son, the

daughter, and the children's home) "are entitled to enter into the enjoyment of their estates subject to the satisfaction of the widow's dower interest"; and that the widow is "entitled to one-third of the net income from said real property until her dower interest is satisfied." The court retained jurisdiction to effectuate its orders.

We have set out the foregoing pleadings and orders to shed all possible light on the issues here involved. To sum up the situation, as we see it, appellant still wants the same thing (respecting real estate) that she was given under the will. That is, she asked to be given one-third of the net rentals from the building as long as she lives. Appellees want to sell the building and satisfy appellant's dower rights out of the proceeds. The trial court agreed with appellees, but provided that appellant should receive one-third of the net rentals until and if the building is sold.

As before stated no testimony was taken, but from the pleadings we are convinced that the building cannot be divided so as to set apart a separate portion for dower. As we view the findings of the trial court, it was likewise convinced. Under these circumstances, it is our opinion that this case is controlled by Ark. Stats. § 62-716 which reads:

"*Rental of lands where indivisible.* In cases where lands [or] tenements will not admit of division, the court, being satisfied of that fact, or on the report of the commissioners to that effect, shall order that such tenements or lands be rented out, and that one-third part of the proceeds be paid to such widow, in lieu of her dower in such lands [and] tenements."

To the extent that the trial court failed to follow the provisions of the above section it was in error.

The trial court did have jurisdiction, under Ark. Stats. § 60-416, to construe the will. When appellant elected to take against the will that posed the question of whether such action accelerated the vesting of the estates of the remaindermen which had to be resolved.

In our opinion the trial court correctly found that the estates did vest the same as if the widow had died, subject, of course, to the dower rights of appellant.

*U. S. Bonds.* Decedent left two $5,000 U. S. H. bonds: one bond was issued to deceased payable on death to Natalie Harrison Gleaton, and the other bond was likewise issued to Ben John Harrison. It is our opinion that the trial court correctly held that these bonds belong to the persons above named, and that the bond never became a part of decedent's estate. This, of course, means that appellant has no dower interest in the bonds. The question of the ownership of government bonds under various circumstances has been the subject of much litigation in this and other states.

It seems that ownership of bonds, issued as these were, has been settled in this and other jurisdiction in accord with the decision of the trial court in this case. This same issue was before this Court in *Myers v. Hardin, Administrator,* 208 Ark. 505, 186 S. W. 2d 925. It was there stated:

"The power of the Federal Government to issue United States savings bonds and to promulgate regulations governing their ownership, transfer and payment, is, we think, unquestioned."

In that case the Court, in holding that the bond belonged to the named payee, said:

"It is our view in the circumstances here, and we so hold, that all of these bonds, with the exception of all those wherein the named beneficiary predeceased the testatrix, became the absolute property of the said beneficiary named, immediately upon the testatrix's death. . . ."

To the same effect is our decision in the case of *Roman v. Smith,* 228 Ark. 833, 314 S. W. 2d 225. In both cases the bonds were issued in the same manner as in the case under consideration. For like decisions in other jurisdictions see: *In re Kalina's Will,* 184 Misc. 367, 53 N. Y. S. 2d 775; *Superat v. Dylawski,* 196 Misc. 707, 93

N. Y. S. 2d 40, and *H. H. Myers* v. *Laird, et al.,* 230 Miss. 675, 93 So. 2d 828.

For the error heretofore indicated the order of the trial court is reversed and remanded with directions to enter an order consistent with this opinion. In all other matters the order of the trial court is affirmed.