## Lois MICKLE *v.* James MICKLE

5-6137                                              488 S.W. 2d 45

Opinion delivered December 18, 1972

*Jones, Gilbreath & Jones,* for appellant.

*Pearce, Robinson & McCord,* by: *Owen C. Pearce,* for appellee.

J. Fred Jones, Justice. James Mickle filed a petition for divorce against Lois Mickle in the Sebastian County Chancery Court and alleged three years' separation as his ground for the divorce. Ark. Stat. Ann. § 34-1202 (Repl. 1962). Lois Mickle filed an answer admitting

the three years' separation but she alleged on counterclaim that she was the one entitled to a divorce on the ground of indignities. In her counterclaim Mrs. Mickle prayed that a divorce be granted to her; that she be awarded the custody of their children and one-third of the personal property. The parties entered into a stipulation providing as follows:

> "The defendant, Lois Mickle, is entitled to a divorce against the plaintiff, James Mickle on the grounds of personal indignities and Lois Mickle is entitled to the maximum property division allowable to her under Arkansas law, which is one-half of the jointly held property and one-third of the separate property of James Mickle. The defendant, Lois Mickle, is entitled to alimony but the parties cannot agree on the amount of alimony to which she is entitled."

The chancellor granted a divorce to Mrs. Mickle on her counterclaim and after referring to the above provision of the stipulation the chancellor, under paragraph 8 of the decree, provided in part as follows:

> "Lois Mickle is hereby awarded the following assets of James Mickle in kind:

| Description of Asset | Shares Owned By James Mickle | Shares Awarded To Lois Mickle |
| --- | --- | --- |
| Fairfield Bay | 56,648 | 19,546-1/3 |

\* \* \*

> . . . James Mickle will forthwith make the transfer of the assets listed under this paragraph in kind, subject to any existing lien as a result of the initial margin on purchase of said assets."

Upon appeal to this court we reversed on points of error not important to the present appeal. *Mickle* v. *Mickle,* 252 Ark. 468, 479 S.W. 2d 563.

After the record in the original divorce case was lodged in this court and while the appeal thereon was still pending, Mr. Mickle filed a motion in the chancery

court designated "Motion to Modify Decree to Add Additional Findings of Fact." The motion alleged facts concerning the questionable market value of the Fairfield Bay, Inc. stock and in substance alleged that a transfer of one-third of the Fairfield Bay stock from James Mickle to Lois Mickle, as ordered in the decree, might result in Mr. Mickle having to pay income tax on the increased market value of the shares so transferred and that Mrs. Mickle would take the shares without the necessity of sharing in the income tax liability, if any, incidental to the transfer. The motion then alleged in effect, that one-third of the stock in Fairfield Bay, Inc. already belonged to Mrs. Mickle by virtue of being one-third of her husband's personal property acquired during the marriage; that under the divorce decree she was only awarded the exclusive possession of her separate one-third of the Fairfield Bay stock; that this should be made clear in the divorce decree so that neither party could be expected to pay income tax on the stock transfer from Mr. Mickle to Mrs. Mickle under compulsion of the divorce decree. Mr. Mickle then prayed a modification of the original decree by adding a finding to paragraph 8 as follows:

"...that the one-third interest of Lois Mickle in the Fairfield Bay, Inc. stock arose as a matter of law because acquired by the parties during the existence of the marriage, and that her property interest in the stock shall be made to her in kind by delivering one-third of the shares registered in the name of James Mickle to her."

As alternative relief prayed in the motion, Mr. Mickle requested that the 19,549 1/3 shares of Fairfield Bay, Inc. stock awarded to Lois Mickle be reduced to such number of shares as would be necessary to pay any income tax which is assessed in connection with the transfer from James Mickle to Lois Mickle. The thrust of Mr. Mickle's contention is more clearly stated in a letter from his attorneys to the chancellor which stated in part as follows:

"The point we make is that once James Mickle

acquired this stock, and having done so at a time when he was married to Lois Mickle, Lois Mickle had a right in either the stock or the proceeds of sale of stock which could not be divested from her except in accordance with applicable legal requirements.

* * *

Under our Arkansas law, it of course would be possible for James Mickle to sell the Fairfield Bay stock, then take the proceeds and transfer them for something else. But regardless of how many transactions he might choose to enter into, starting out with the Fairfield Bay, Inc. stock, Lois Mickle at all times had her right to one-third (1/3) of the Fairfield Bay, Inc. stock or its proceeds."

On March 30, 1972, the chancellor entered the "Modification of Decree" which is the subject of this appeal, and this instrument reads in part as follows:

"(f) The one-third interest of Lois Mickle in the Fairfield Bay, Inc. stock arose as a matter of law because acquired by the parties during the existence of the marriage, (Ark. Stats. 34-1214), and her property interest shall be made in kind to her by delivering one-third of the stocks registered in the name of James Mickle to her."

On appeal to this court Mrs. Mickle alleges error under the points she has designated as follows:

"The lower court had no jurisdiction to enter an order entitled 'Modification of Decree' on March 30, 1972, after the record in case No. 5-5856 had been docketed in the Arkansas Supreme Court and the appeal was pending therein.

The 'Modification of Decree' entered by the lower court on March 30, 1972, and filed April 5, 1972, is contrary to the law.

The 'Modification of Decree' entered by the lower court on March 30, 1972, and filed April 5, 1972, is contrary to the evidence."

We find it unnecessary to discuss the first and last points because we are of the opinion that the chancellor's modification of the decree is contrary to the law as alleged under the second point.

We do not agree with the statement of the law as set out in paragraph (f), *supra,* where it is stated that "The one-third interest of Lois Mickle in the Fairfield Bay, Inc. stock arose as a matter of law *because acquired by the parties during the existence of the marriage,* (Ark. Stats. 34-1214)." (Our emphasis). As we construe Ark. Stat. Ann. § 34-1214 (Repl. 1962) as well as Ark. Stat. Ann. § 61-202 (Repl. 1971) in the light of prior decisions, the one-third interest of Lois Mickle in the Fairfield Bay, Inc. stock did not arise as a matter of law *because acquired by the parties during the existence of the marriage,* but did arise as a matter of law because she was *"granted a divorce against the husband."* The pertinent part of § 34-1214 is as follows:

"In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife the court shall make an order that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and *the wife so granted a divorce against the husband,* if she shall have actually personally resided in this State for a period of time before the commencement of the action at least equal to the residence required to enable her to maintain an action for divorce, *shall be entitled to one-third [1/3] of the husband's*

*personal property absolutely,* and one-third [1/3] of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal to which such wife is entitled. . . ." (Our emphasis).

Ark. Stat. Ann. § 61-202 (Repl. 1971) reads as follows:

"A widow shall be entitled, as part of her dower, in her own right, to one-third part of the personal estate, *whereof the husband died seized or possessed.*" (Our emphasis).

A widow's right of dower, even in real property, remains only an inchoate right, and is not an estate, until the husband's death. The right of dower is only a contingent expectancy during the lifetime of the husband. *Sanders* v. *Taylor,* 193 Ark. 1095, 104 S. W. 2d 797. As to personal property see *McClure* v. *Owens,* 32 Ark. 443.

The seventh statutory ground for divorce in Arkansas is set out in Ark. Stat. Ann. § 34-1202 (Repl. 1962) as follows:

"Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties and *the question of who is the injured party shall be considered only in cases wherein by the pleadings the wife seeks either alimony under Section 34-1211, Arkansas Statutes 1947, or a division of property under Section 34-1214,* Arkansas Statutes 1947, as hereby amended, or both." (our emphasis).

In the 1910 case of *Hix* v. *Sun Ins. Co.,* 94 Ark. 485, 127 S. W. 737, this court had occasion to examine the

wife's rights in her husband's property prior to its distribution under a divorce decree in connection with property insurance coverage. While only real property was involved in that case, in discussing the wife's dower interest in connection with divorce, we said:

> "The statutes of this State provide that where a final judgment for divorce is rendered in favor of a wife, she 'shall be entitled to one-third of the husband's property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form. . . .'

> This court has construed the statute to give to the divorced wife for and during her natural life such interest and amount of his real estate as would be her dower in case of the husband's death. *Beene* v. *Beene*, 64 Ark. 518.

> Now it is seen from an inspection of the decree, that the court did not 'designate the specific property, both real and personal,' to which the wife was entitled, nor did it order a sale of the property for division. * * *

> It may be insisted, however, that the statute of its own force vested in the divorced wife title to an undivided interest in the husband's property, which she could have asserted and had set apart at the time the decree for divorce is rendered, or could do so afterwards. The statute provides that the specific property to which the wife is entitled shall be designated in the decree for divorce; but, conceding that this may be done afterwards by another decree of the court, until it is done the divorced wife's claim is an unascertained one which does not change the husband's interest in the property from that of sole and unconditional ownership. He is still the sole and unconditional owner thereof in fee simple, though the divorced wife's undetermined claim exists, and he

cannot convey it without her concurrence. The husband cannot sell his homestead before divorce unless his wife joins in the execution of the conveyance, nor can he convey his other lands free of the wife's inchoate dower right; yet he is the sole and unconditional owner. He is not merely the owner of an undivided interest, but he is the sole and unconditional owner until his wife's interest be asserted and carved out. The title remained vested in the husband solely and unconditionally until it was divested by a decree of the court designating the specific property to which the wife was entitled."

In the 1877 case of *McClure* v. *Owens, supra,* as security for an indebtedness, Owens mortgaged some personal property (livestock) to McClure with power to take possession of the property and sell it in the event of default. Owens died and dower was assigned to Mrs. Owens. Mrs. Owens attempted to replevy the livestock from the possession of McClure and Burton, and in that case this court said:

"The wife, by marriage, has no such inchoate right of dower in the personal estate of her husband as she has in his real estate, and he may sell, mortgage or dispose of the same at his pleasure. Her right of dower in his personal estate does not accrue until his death, and only in such as he then owns."

It is our view that the law in Arkansas has remained the same as above stated ever since, and even before, *McClure,* and that a wife's rights in her husband's property were not increased or broadened by § 34-1214, *supra.* As we view the amendatory decree of the chancellor in the case at bar, it would change the personal property law in Arkansas at least to the extent of placing personal property on equal footing with the inchoate right of dower in real property. The legislature is the proper forum for the making of such change.

The decree is reversed.

BYRD, J., dissents.