IN The Matter of The ESTATE of
Kenneth Howard JONES, Deceased

93-1177                                       879 S.W.2d 433

Supreme Court of Arkansas
Opinion delivered July 18, 1994

*Joe Hardegree*, for appellant.

*Josef V. Hobson*, for appellee.

DONALD L. CORBIN, Justice. Bertha Jones appeals an order of Polk County Probate Court establishing her dower interest in her late husband's estate. We have jurisdiction since resolution of the issues presented in this appeal requires interpretation of our statutes on the assignment of dower and curtesy. Ark. Sup. Ct. R. 1-2(a)(3).

The facts of this case are virtually undisputed. Bertha Jones is the widow of Kenneth Jones, who died intestate. In addition to his wife, the decedent was survived by his only son David Paul Jones. David Paul Jones was named administrator of his father's estate. This suit began when Bertha Jones petitioned the probate court to allot her dower interest. The only property at issue is an eighty-acre tract of real estate near Waldron in Scott County. The parties stipulated the widow was entitled to a one-third interest in the land for her life. In her petition, the widow alleged the real property could not be divided in kind. The parties waived the appointment and report of commissioners as provided in Ark. Code Ann. § 28-39-304 (1987). The probate court held a hearing and entered an order finding that the dower could not be allotted out of the real estate in question without great prejudice to the widow; that the eighty-acre tract of real estate should be valued but not sold; and that the dower rights should be converted to cash based upon the commutation tables using the widow's age of sixty, the interest rate of six percent, and a value of $650.00 per acre.

Bertha Jones appeals from the probate court's order, arguing the probate court erred in the following respects: (1) in failing to order a sale of the property; (2) in ordering the property to be valued but not sold; (3) in commuting the dower interest based on figures from the ordered valuation rather than a sale; and (4) in fixing a value of $650.00 per acre. The second and third arguments are so closely related that we must consider them together; we conclude they require reversal.

Our review of probate cases is *de novo*, just as it is in chancery cases. *Price* v. *Price*, 258 Ark. 363, 527 S.W.2d 322 (1975). At the hearing on the petition to allot dower, the probate court heard testimony from Bertha Jones, David Paul Jones, and two independent real estate brokers as to the description, value, and possible uses of the eighty-acre tract. The testimony was undisputed that the tract was not uniform from east to west nor from north to south; the western part was good pasture land with Bermuda grass and a pond in the northwest corner, while the eastern part was low land with a gully coming out near the southeast corner. The southwest corner of the property borders on the city limits of Waldron. The east side of the property lies less than one-half mile east of United States Highway 71; a county

road runs east from Highway 71 along the south side of the property. There is a residential subdivision to the east of the tract. The two real estate brokers testified the highest and best use of the property would be as a residential subdivision. They stated the value of the eighty acres, if subdivided and sold as residential lots, would be $1,250.00 per acre and $1,100.00 per acre, respectively. One of the brokers offered to purchase the entire tract for $1,100.00 per acre. This same broker also testified that if the property was used for farm property, its value would be $650.00 per acre. David Paul Jones testified that the eighty acres was ancestral farm property; that his father had inherited the farm from his grandfather; and that the west part of the farm contained a family cemetery with six graves, some of which dated from 1851. David Paul Jones also stated he had no intention of selling the property and wanted to keep it in the family as long as possible. The widow stated she valued the property at $3,000.00 to $3,500.00 per acre based on its potential use as a residential subdivision. There was also some evidence indicating the eighty acres could be leased as pasture land for $10.00 per acre per year.

■ The widow contends the probate court erred in fixing a value on the land without ordering a sale and in commuting her interest to present value based upon that fixed value. We agree that the court's fixing a value without ordering a sale was not authorized by our statutes or our case law. When a probate court finds the land cannot be divided in kind to effectuate dower rights, it may order the property rented and the rental divided, or it may order the property sold and the proceeds divided. Ark. Code Ann. §§ 28-39-305, -306 (1987); *Harrison v. Harrison*, 234 Ark. 271, 351 S.W.2d 441 (1961); *Johnson v. Johnson*, 92 Ark. 292, 122 S.W. 656 (1909). However, there is no authority that would allow the probate court to receive evidence of the property's value and then place a value on the property accordingly. That is precisely what was done in this case, and it was error.

■■ It is well-settled that probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or statutes, or necessarily incidental thereto. *Arkansas State Employees Ins. Advisory Comm'n v. Estate of Manning*, 316 Ark. 143, 870 S.W.2d 748 (1994). The probate court valued the property at $650.00

per acre for purposes of commuting the dower interest to a lump sum in present value. While there is express statutory authority for commuting a dower interest to present value for a lump sum payment, Ark. Code Ann. §§ 18-2-101 to -106 (1987), there is no authority allowing the court to value the property for such commutation purposes without a sale. Accordingly, we must reverse and remand the order of the probate court for further proceedings consistent with this opinion.

As we reverse on points two and three, the first and fourth points are rendered moot, and we need not address them.