John L. WEBBER, Franklin L. Webber,
George E. Webber, Martha L. Roach, and
Gloria F. Keathley *v.* Virgie WEBBER

97-602                                    962 S.W.2d 345

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*Robert M. Abney, P.A.*, for appellants.

*Randall L. Gammill*, for appellee.

DONALD L. CORBIN, Justice. This is an appeal by Appellants, John L. Webber, Franklin L. Webber, George E. Webber, Martha L. Roach, and Gloria F. Keathley, who assert that the Chancery Court of the Northern District of Prairie County erred in ordering a sale of land and an interest in crops in the award of dower rights to Appellee Virgie Webber. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16) as this case involves construction of deeds and the award of dower. We affirm.

Mark Webber, the decedent, owned approximately 348 acres of land in Prairie County, Arkansas. On June 18, 1990, a deed was executed, delivered, and filed from Mark Webber, grantor, to Appellants as tenants in common and grantees to the real estate that Mark Webber owned. Subsequently, on July 6, 1990, a correction deed was filed from grantor to grantees correcting the description of the original deed and reserving to the grantor a life estate in the subject property. At the time of execution of the deeds, Mark Webber was married to Appellee, having been married on May 26, 1984. She did not join in the execution of the deeds. In April of 1996, pursuant to a power of attorney, a deed was executed from Mark Webber to Appellants for the purpose of terminating his life estate in the subject property. Mark Webber died on June 2, 1996.

On October 14, 1996, Appellee filed a complaint in the chancery court of Prairie County, against Appellants and Loy Kee, Jr., to have her dower, in the real property deeded from Mark Webber to his children, established and commuted to a present interest. Appellee brought her action under Ark. Code Ann. § 18-60-401 (1987), which provides in pertinent part:

> [A]ny persons having any interest in, and desiring a division of, land held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned curtesy, or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the entirety where the owners shall have been divorced, except where the property involved shall be a homestead and occupied by either of the divorced persons, shall file in the circuit or chancery court a written petition. This petition shall contain a description of the property, the names of those having an interest in it, and the amount of the interest shall be briefly stated in ordinary language, with a prayer for the division and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners. Thereupon all persons interested in the property who have not united in the petition shall be summoned to appear.

Under Ark. Code Ann. § 18-60-410 (1987), if any person summoned, as provided in 18-60-401, desires to contest the rights of the petitioners or the statements in the petition, he shall do so by a written answer, and the questions of law and fact thereupon aris-

ing shall be tried and determined by the court. Under Ark. Code Ann. § 18-60-411 (1987), if any of the parties duly notified by personal service or publication shall not appear and plead within the time allowed by the court for that purpose, the default shall be entered. Kee was a tenant of the property. The chancery court found that Kee was served with a summons and complaint, but having failed to file an answer, was in default.

As provided in Ark. Code Ann. § 18-60-412 (1987), the court declared the rights, titles, and interests of all the parties to the proceedings, petitioners as well as defendants. On February 26, 1997, the chancery court issued an order finding that Appellee was entitled to a dower interest in the approximate 348 acres of property, which dower interest would be a one-third interest for life. The court ordered that the property should be sold and from the sale proceeds the dower interest should be commuted to a present value and paid to the Appellee. The court ordered further that Appellee was awarded a one-third share of the 1996 crop proceeds, as Mark Webber died prior to the crop being harvested.

Appellants raise two issues on appeal. First, they assert that the chancellor erred in ordering the sale of the property and not a division of rentals. They assert that Ark. Code Ann. § 28-39-306 (1987) provides for a sale only in probate courts and not in chancery courts and is therefore in conflict with Ark. Code Ann. § 28-39-305 (1987) where a surviving spouse can be awarded one-third of the net rental for life in lieu of dower. Second, Appellants contend that the chancellor also erred in awarding Appellee one-third interest in the 1996 crop proceeds. The crops were growing at the time of her husband's death and, Appellants assert, the husband had no interest in these crops at that time.

We try chancery cases *de novo* on the record, but we do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Barber v. Watson*, 330 Ark. 250, 953 S.W.2d 579 (1997). In order to demonstrate that the chancellor's ruling was erroneous, Appellants must show that the trial court abused its discretion by making a decision that was arbitrary or groundless. *Id.* When this court is called upon to construe deeds and other writings, we are concerned primarily with ascertaining the inten-

tion of the parties, and such writings will be examined from their four corners for the purpose of ascertaining that intent from the language employed. *Brewer & Taylor Co. v. Wall*, 299 Ark. 18, 769 S.W.2d 753 (1989). In reviewing instruments, this court's first duty is to give effect to every word, sentence, and provision of a deed where possible to do so. *Davis v. Griffin*, 298 Ark. 633, 770 S.W.2d 137 (1989).

The chancery court ordered that Appellee was entitled to a one-third interest in the land for her life as she did not join in the execution of the deeds. Under Ark. Code Ann. § 28-11-201(a) (1987), no act, deed, or conveyance executed or performed by one spouse without the assent of the other spouse, evinced by acknowledgment in the manner required by law, shall pass the estate of dower or curtesy. In her petition, Appellee alleged the real property could not be divided in kind. At the hearing on the petition to allot dower, the chancery court heard testimony from Appellants John L. Webber, Martha L. Webber Roach, and Appellee Virgie Webber as to the description and possible uses of the approximate 348-acre tract.

The testimony provided information to the court as to whether the tract was divisible in kind. The land consisted of a rice farm, which requires irrigation. There is a submersible well in the northwest corner, one well by the house on the eastern boundary and another on the western boundary. The property had been in the family since 1907. As this was an ancestral estate, Appellants requested the court to consider an appraisal of the land to determine the value. In her petition, Appellee sought an order to sell the land so that the proceeds could be divided.

■ Appellants contend the chancery court erred in ordering a sale. When a probate court finds the land cannot be divided in kind to effectuate dower rights, it may order the property rented and the rental divided, or it may order the property sold and the proceeds divided. Sections 28-39-305, -306; *In Re: Estate of Jones*, 317 Ark. 606, 879 S.W.2d 433 (1994); *Harrison v. Harrison*, 234 Ark. 271, 351 S.W.2d 441 (1961); *Johnson v. Johnson*, 92 Ark. 292, 122 S.W. 656 (1909). Appellee filed her petition in chancery court pursuant to section 18-60-401, which

permits a person with an unassigned dower interest to petition for a division and sale if it appears that a partition would be prejudicial to the owners. Appellants requested an appraisal of the land at the hearing below. However, there is no authority that would allow the chancery court to receive evidence of the property's value and then place a value on the property accordingly. *Estate of Jones*, 317 Ark. 606, 879 S.W.2d 433.

We cannot say that the chancery court was clearly erroneous. The court below made its decision based on section 18-60-401 after a hearing with testimony from both sides. After finding that the land was not divisible in kind, the court followed the only appropriate option advanced by counsel, a sale, as an appraisal could not be ordered. Appellants argue that a sale under section 28-39-306 applies only to probate courts, while section 28-39-305, which provides for a division of rentals, does not specify a jurisdiction and should have been utilized by the chancery court. However, this argument was not made below, and the chancery court order specifically states that the sale was to be brought pursuant to section 18-60-401 and does not include any mention of section 28-39-306.

In any event, on appeal, Appellants contend that the chancery court should have ordered a division of rentals under section 28-39-305, which provides:

> In cases where lands or tenements will not permit division, the court, being satisfied of that fact or on the report of the commissioners to that effect, shall order that the tenements or lands be rented out and that one-third (1/3) part of the proceeds be paid to the surviving spouse in lieu of dower or curtesy in the lands or tenements.

Appellants did not make this argument below. Where the abstract does not reflect that the argument was made in the trial court, we will not reach the merits of the argument on appeal. *See Reeves v. Hinkle*, 326 Ark. 724, 934 S.W.2d 216 (1996). The abstract reflects in the hearing that Appellants asserted only that the land should be appraised. There is no further indication in the abstract that Appellants made the argument concerning a division of rentals. The abstract does not contain an answer by Appellants, nor

does it demonstrate that the issue of division of rentals was addressed by the chancellor either during the hearing or in the order. We reject Appellants' argument because it was not properly raised before the trial court, and this court has repeatedly stated that arguments raised for the first time on appeal will not be addressed. *See, e.g., Houston v. Knoedl*, 329 Ark. 91, 947 S.W.2d 745 (1997); *Sebastian Lake Pub. Util. Co. v. Sebastian Lake Realty*, 325 Ark. 85, 923 S.W.2d 860 (1996).

Appellants also contend that the decedent did not have an interest in the crops when he died, therefore Appellee should not have been awarded any dower interest in the crops. The land in question produced a crop which was harvested after Mark Webber died on June 2, 1996. It is settled law that "land" is everything that lies below the surface or is attached thereto by the processes of nature or of art. *Lewis v. Delinquent Lands*, 182 Ark. 838, 33 S.W.2d 379 (1930). Crops become personalty when they are severed. *Bostic v. Bostic Estate*, 281 Ark. 167, 662 S.W.2d 815 (1984). A widow's right of dower, even in real property, remains only an inchoate right until the husband's death. *Mickle v. Mickle*, 253 Ark. 663, 488 S.W.2d 45 (1972). The status of an estate is fixed upon death, and the property interest is in the property as it existed at that time. *See Atkinson v. Van Echaute*, 236 Ark. 423, 366 S.W.2d 273 (1963). We agree with the chancery court that Appellee's dower interest vested upon the death of her husband and, as such, is a life estate. Thus, she is entitled to a one-third share of the net proceeds of the 1996 crops.

Affirmed.

IMBER, J., not participating.