## Lois VAUGHT *v.* Jerome D. VAUGHT

CA 00-184                                          29 S.W.3d 365

Court of Appeals of Arkansas
Division IV
Opinion delivered October 25, 2000

*Frances Morris Finley,* for appellant.

*D. Derrell Davis,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Lois H. Vaught appeals from an order of the Pulaski County Probate Court. The order provided that Mrs. Vaught is to receive $72,423.21 as her dower interest in her deceased husband's estate. Mrs. Vaught argues on appeal that the probate court clearly erred when (1) it failed to include in the estate amounts designated as mutual funds, and (2) it did not order a sale of the marital home but calculated a commuted value of her interest on the basis of an appraisal. We reverse and remand.

Mrs. Vaught and the decedent, Lloyd Vaught, were married in June 1989. It was the second marriage for both of them. Within a year of their marriage, Lloyd Vaught suffered a stroke. Due to his mental incapacitation, Mrs. Vaught was appointed guardian of her husband's person and estate in November 1991. He died on November 5, 1997. Prior to this marriage Lloyd Vaught had executed a will leaving all of his property to his first wife, or to his children in equal shares should she predecease him. Because his first wife had predeceased him, his estate was to be distributed among his children, and appellee Jerome Vaught, one of Lloyd Vaught's children, was appointed executor of his estate. Inasmuch as the will made no provision for Mrs. Vaught, she filed an election to take against the will.

On February 17, 1998, Mrs. Vaught, as guardian of Lloyd Vaught, filed an accounting showing the value of the assets on hand in his guardianship estate to be $1,002,554.00. On July 16, 1998, Jerome Vaught's affidavit was filed in which he acknowledged that, as executor of the estate of Lloyd W. Vaught, he had received the assets reflected in the guardian's final accounting. However, on June 3, 1998, Jerome Vaught filed his inventory as executor reflecting the value of the decedent's estate as $277,066.00. This inventory did not include certain mutual fund accounts that are now in dispute on appeal.

On September 3, 1998, Mrs. Vaught filed a petition to establish her dower, and requested a finding that the mutual funds, which totaled more than $500,000.00, were subject to her one-third dower interest. However, the probate court entered an order on March 8, 1999, which held the petition in abeyance because "the issue of whether the deceased created a valid trust must be decided in chancery court." A subsequent hearing was held on October 19, 1999, in probate court where Mrs. Vaught again asserted entitlement to a dower in the mutual funds. However, the probate court refused her claim to these and awarded dower based only on the assets inventoried by the executor.

For reversal, Mrs. Vaught first argues that the probate court erred in excluding the mutual funds from the estate. Although Jerome Vaught claimed at the hearing that trusts were created on behalf of him and his siblings, and that these trusts were not part of his father's estate, Mrs. Vaught contends that he failed to produce any proof in support of this assertion. Mrs. Vaught further points

out that appellee accepted her accounting, received the funds, and even acknowledged in his testimony that he helped her prepare the final accounting. Moreover, Jerome Vaught testified that the accounts at issue were solely in his father's name prior to his death. Mrs. Vaught submits that it was incumbent upon Jerome Vaught to prove that the mutual funds were held in trust for the benefit of the decedent's children, and that because he failed to do so the court erred in excluding them from the probate estate and her dower claim.

■ As the probate court indicated in its March 8, 1999, order, there is a jurisdictional problem with this case. Mrs. Vaught asserts that there are no valid trusts to be excluded from the estate, but Jerome Vaught argues to the contrary. The construction, interpretation, and operation of trusts are matters that lie within the jurisdiction of chancery courts. *Schenebeck v. Schenebeck*, 329 Ark. 198, 947 S.W.2d 367 (1997). Thus, the resolution of this issue was for the chancery court. Because the probate court lacked jurisdiction of this matter, so does this court. *See Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 332, 980 S.W.2d 246 (1998). Under such circumstances, the appellate court's duty is to remand the case to the probate court for transfer to the proper court. *See Rager v. Turley*, 342 Ark. 223, 27 S.W.3d 729 (2000); *Routh Wrecker Serv., Inc. v. Washington, supra*. Therefore, we remand for the probate court to transfer the case to chancery court so the chancery court may resolve whether or not there exist valid trusts that are not subject to the probate proceeding and Mrs. Vaught's dower.

Mrs. Vaught's remaining argument is that the probate court erred in basing the commuted value of her dower in the marital home on an appraisal rather than ordering the property sold. At the hearing, both parties stipulated that the house was worth $160,000.00, and Mrs. Vaught did not elect to treat the property as a homestead. At the conclusion of the hearing, Mrs. Vaught asked for a sale of the property, and asserted that she should be entitled to one-third of the proceeds from the sale. However, the trial court agreed with the appellee that the appropriate method to establish Mrs. Vaught's dower rights in the home was to take the $160,000.00 appraisal, assume a four-percent annual income rate, and apply the commutation table. She was awarded one-third of this amount, which resulted in an award of $20,034.56 for her dower in the home. Mrs. Vaught now contends that this method of establishing her dower rights to the real property was erroneous.

■ We agree that the probate court erred in relying on the appraisal. In effectuating dower rights, the probate court may order the property rented and the rental divided, or it may order the property sold and the proceeds divided. *In Re: Estate of Jones*, 317 Ark. 606, 879 S.W.2d 433 (1994). However, there is no authority that would allow the probate court to receive evidence of the property's value and then to place a value on the property accordingly. *Id.* Thus, on remand we direct the probate court to order a sale of the property, to which the appellee does not now object. However, Mrs. Vaught's share of the sale proceeds will not be a whole one-third since she has only a life estate in one-third. *See* Ark. Code Ann. § 28-11-301(a) (1987). The value of this interest should then be commuted as provided in the commutation table set forth in Ark. Code Ann. § 18-2-105 (1987).

We reverse and remand to the probate court for further proceedings consistent with this opinion.

BIRD and NEAL, JJ., agree.