124                    CASES IN THE SUPREME COURT

                        Pike et al. vs. Underhill's ad. et al.            [June

---

PIKE ET AL. VS. UNDERHILL'S AD. ET. AL.

The defendant in chancery must prove all new matter set up in his answer which is not responsive to the bill.

Pike and Underhill entered into a contract by which they agreed to jointly enter swamp lands, Pike making the selections and Underhill furnishing the scrip, and charging Pike with one-half its value, to be paid whenever the lands were sold. Various entries having been made under this contract, Underhill died, and Pike brought a bill for specific performance against his administrator, widow and heirs and Burgett. The latter answered that one-half of a certain portion of the scrip furnished by Underhill belonged to himself, and therefore claimed to be the equitable owner of one-half of the lands so entered, or to have a lien on the lands for the value of so much of his scrip as was used by Underhill in making the entries: *Held*, that the burden of proof was upon Burgett.

*Held*, further, that in order to make good his claim, Burgett should have set it up in a cross-bill ;

And that the allegations of the answer could not bar Pike's claim, because he was not charged with notice of Burgett's interest in the scrip used by Underhill.

It was improper for the court below in assigning the widow her dower to lessen its value by causing it to be scattered in inconsiderable bodies over a great many tracts of wild land.

Where it would be detrimental to the interest of the parties to assign the widow her dower specifically in certain of her husband's lands, the court will direct them to be sold, and that the interest on one-third of the proceeds of the sale of her husband's interest therein, shall be secured to her for life.

But as to other lands where no such inconvenience or difficulty exists, the court will direct that dower be specifically assigned out of the estate.

*Appeal from Hempstead Circuit Court in Chancery.*

Hon. Len B. Green, Circuit Judge.

Watkins, for Pike.

The decree assigning dower to the widow in each specific tract of land, is disastrous to her; and Pike is injured by it because it is an unwise restriction, a clog and incumbrance upon the advantageous sale of his share or interest in the land.

It is quite plain that Pike and Underhill entered into a land speculation in partnership. Their agreement constituted them partners *quoad* the proposed land investment. See on this subject, 3 *Kent's Com.,* p. 38, et seq., *and notes and cases cited. Smiths' Ex'r. v. Garth,* 32 *Ala. Rep.,* 368, is a case in point to show that they were partners to all intents and purposes.

But whether Pike and Underhill contemplated a partnership in the buying and selling of swamp lands, is not material; because their agreement expressly provides that what Pike should owe to Underhill should be paid out of the proceeds of the sales: that contract became the law of their projected adventure, and any right or claim of either of them, or the representatives of either, must be held in subordination to it: It is clear, therefore, that neither Underhill nor his representatives can have any rights unless in specific performance of that agreement. The lands or a sufficiency of them are to be sold, and Underhill's estate re-imbursed out of that fund, and so far as the decree clogs or hinders that with a claim of dower in wild lands, it is erroneous and ought to be reversed, because in clear violation of the contract.

On the appeal of Burgett, it is sufficient to say, that if his answer were a bill in chancery, and every word of it were proven, or confessed to be true, it would have to be dismissed, because owing to the vagueness of the allegations, no decree could be rendered upon it; and if he had any claim to relief against either party, he should have presented a cross-bill. See *Lube's Eq. Plead.,* p. 142, *et seq. and notes.*

JENNINGS and KNIGHT, for Burgett.

The answer of Burgett responds that his interest is as stated in the bill, that is: that he was jointly interested with Underhill in the funds with which the lands were purchased. His answer, then, must be taken as true. 2 *Story's Eq.*, sec. 1528 ; *Fenno vs. Sayre*, 3 *Ala.* 458.

Burgett being equally interested in the funds, that interest could not be divested by the misuse of the funds by his co-partner in the purchase of property for the benefit of himself and a stranger, whether he knew it to be partnership property or not —being joint property it could be transferred or used only for the benefit of the concern. *Story on Part.*, p. 220, n. 1; *Coll. on Part.* 279 ; 11 *S. & M.* 326; 24 *Miss.*, 172.

As this case was presented to the chancellor by the bill and answer—the one stating that Burgett asserted a claim and interest in the lands ; the other admitting it and setting it up as prayed to be discovered, the court should have adjudicated such claim; but if a cross-bill was necessary, the court should have directed such bill to be filed in order to bring the rights of all the parties fully and properly before the court, before a final decree was rendered. *Daniels Ch. Pl. and Pr.*, p. 1745, *and cases there cited in a note.*

Mr. Justice ENGLISH delivered the opinion of the Court.

On the 28th of November, 1852, George W. Underhill, of Crittenden county, and Albert Pike, of Pulaski county, entered into a written contract, by which it was agreed between them, in substance, that they would jointly enter and locate such swamp and overflowed lands of the state, south of Red river, as Pike should select, and furnish the numbers thereof, to the quantity of at least 20,000 acres, and as much more as Underhill might be able to obtain scrip to enter.

That the lands should be selected and entered in certain townships mentioned, and in other townships contiguous thereto.

That the lands so selected should be entered by lists thereof

(furnished by Pike) and annexed to the agreement, signed by the parties.

That all the lands so located should be held and owned by the parties jointly and equally, as tenants in common.

That Underhill should furnish all the scrip, and make all the entries, for which Pike should be indebted to him one half of the value of such scrip, at the price at which entry of the lands should be allowed; and that the amount due by Pike should be paid out of the proceeds of sales of the lands, to be made after they were reclaimed, by assent of both parties. Pike being in no event bound to pay for said scrip any more or other sum than his half of any deficit caused by the sales of the lands falling short of paying the price of the scrip and interest thereon from the time of location.

The contract was signed and sealed by the parties.

In pursuance of this contract, Underhill entered a large amount of lands (over 50,000 acres,) with scrip, and balances due him from the state as a levee contractor, from selections made, and lists furnished by Pike; and through the exertions of Pike, final certificates of purchase were obtained for most of the lands, so entered, from the swamp land commissioners.

Underhill having died, Pike filed a bill in the Lafayette circuit court against his administrator, widow and heirs for specific performance of the contract.

Isaac Burgett was also made a defendant to the bill, upon an allegation that he claimed, as the complainant Pike had lately been informed, an interest in the lands as having been jointly interested, with Underhill, in the scrip and balances with which they were purchased, etc., etc.

All of the defendants answered, and on the final hearing, the bill was dismissed as to Burgett, a decree rendered in favor of the widow of Underhill, (who had intermarried with Wm. E. Jones,) for dower in the lands, and in favor of Pike for specific performance of the contract, etc.

Pike and Burgett appealed.

The subject of Burgett's answer is, that he had no personal knowledge of the contract between Pike and Underhill.

That about the year 1851, he and Underhill having entered into a partnership for that purpose, contracted to construct thirteen miles of levee on the Mississippi river, and were to be equally entitled to the profits thereof. That Underhill drew a large amount of scrip for levee work done by them under their contract, in which they were jointly interested, a portion of which he used in the entry of the lands described in the bill. He therefore claimed to be an equitable owner of one half of the lands so entered, or to have an equitable lien upon the lands for the value of so much of his scrip as was used by Underhill in making the entries.

He does not aver that Pike had any knowledge of the partnership between him and Underhill, or any notice that he was interested in the scrip used by Underhill in the entry of the lands.

The answer was filed, and replication entered thereto, on the 14th November, 1859, and the cause continued with leave for the parties to take depositions.

On the 22d November, 1861, the cause was called for final hearing, and the solicitor of Burgett filed a motion for continuance, on the ground that he desired to obtain the depositions of witnesses to prove that the lands in controversy were entered by Underhill with scrip, etc., which belonged equally to him and Burgett under their partnership levee contract, etc. The court overruled the motion, proceeded to a final hearing of the cause, and dismissed the bill as to Burgett, without prejudice to any claim that he might have to relief as against the repsentatives of Underhill, he having failed to assert such claim by cross-bill.

The matter of defence set up in the answer of Burgett was not responsive to the allegations of the bill, but new affirmative matter, and the burthen of proof was upon him; and he failed to produce upon the hearing depositions to sustain it.

Passing over the questions of diligence, had the court continued the cause to afford him further time to procure depositions

to prove the matter set up in the answer, it would have been of no avail to him, because it is manifest that any equitable claim that he had upon the lands as against Underhill's representatives should have been asserted by a cross-bill, which he failed to file, or to offer to file. And' had he been afforded any time that he might have desired to prove every allegation of the answer, it would have been no bar to the relief sought by Pike, as to his interest in the lands, because there was no averment in the answer that Pike had any notice that Burgett had any interest in the scrip used by Underhill in the entry of the lands, or that there was any partnership existing between Burgett and Underhill.

So much of the decree of the court below, therefore, as dismissed the bill as to Burgett must be affirmed.

Pike complains of so much of the decree as gives to the widow of Underhill dower in each specific tract of land.

The court decreed to her one-sixth of all the lands, that being equal to one-third of her deceased husband's half of the lands, and appointed commissioners to lay off her dower accordingly; and decreed to Pike three-fifths of the remainder of the lands, that being equal to one-half of the whole of the lands, charged with the payment to Underhill's administrator of one half of the value of the scrip, etc., expended by him in the entry of the lands; and decreed to Underhill's heirs the remaining two-fifths of the lands with the remainder in the sixth of the lands to be set apart to the widow as her dower interest.

The court appointed a trustee to make sales of so much of the lands as might be necessary to pay the debt due from Pike to Underhill, with directions to the trustee to pay the proceeds of the sales to the administrator of Underhill, and that he credit Pike with three-fifths thereof, until his indebtedness to Underhill should be extinguished, and that the remaining lands be partitioned between Pike and Underhill's heirs in the proportions above indicated.

The decree in favor of the widow was unfavorable to her, and prejudicial to the interests of Pike and the heirs of Underhill.

130          CASES IN THE SUPREME COURT

Pike et al. vs. Underhill's ad. et al.          [JUNE

Her dower, if assigned under the decree would be scattered in inconsiderable bodies, over a great many tracts of wild lands, many of which are the smaller subdivisions of sections, and the value of her dower, by such mode of allotment, would be necessarily impaired.

It would, also, constitute an inconvenient incumbrance upon such of the lands as by the terms of the contract between her deceased husband and Pike, and by the provisions of the decree for specific performance, are to be sold, as well as upon the lands to be partitioned between Pike and her children, after the extinguishment of the debt due from Pike.

We think the more equitable mode of giving her dower will be to direct that one sixth of the proceeds of the lands sold by the trustee be put at interest, upon safe securities, under the supervision of the court, and the interest paid to her during her life, and the principal turned over, after her death, to Underhill's heirs, and that the lands remaining after the making of such sales as may be required to extinguish Pike's debt be partitioned equally between him and Underhill's heirs: and that she be assigned for dower one-third of the lands allotted to the heirs, in a manner most beneficial to her and least incumbering to their lands; and that the remainder of their lands and all of Pike's be disencumbered of her dower.

So much of the decree as relates to her dower must, therefore, be reformed, by a decree entered here, in accordance with this opinion, and certified to the court below to be executed.

So much of the decree as is not reversed, or modified, by the decree to be entered here, must be affirmed.

It may be remarked that it would have been more regular for the widow of Underhill to have made her answer a cross-bill, in order to have her dower rights, as between her and the heirs of Underhill settled, but they did not appear, and this irregularity in practice is not the subject of complaint on the appeal of Pike.