JOHNSON *v.* JOHNSON.

Opinion delivered November 15, 1909.

DOWER—SALE OF LAND—WIDOW'S PORTION.—Under Kirby's Digest, § 2707, providing that "in proceedings had in circuit court for the allotment of dower when it shall appear to the court that dower cannot be allowed out of the real estate without great prejudice to the widow or heirs, and that it will be most to the interest of such parties that said real estate may be sold, the court shall decree a sale of the real estate free from such dower, and that such portion of the proceeds may be paid to the widow in lieu thereof, or her interest therein secured, as to the court may seem equitable and just," *held* that the widow's dower should either be carved out of the specific property possessed by the deceased husband or be allotted out of the proceeds of a sale thereof when it cannot be divided without prejudice, and that such portion of the proceeds should be paid to the widow in lieu of dower as to the court may seem equitable and just.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Geo. Sibly,* for appellants.

Under the statute the decree is erroneous. Kirby's Dig., § 2707. There is no testimony that the dower could not be allotted in land, nor that it would be to the best interest of the parties that it be sold. The court's finding is not conclusive, but this court will review the evidence to see if the findings are founded on facts disclosed by the evidence. Moreover, the segregation of a part of the lands for sale negatives a finding that an allotment in kind cannot be made. The statute contem-

plates a sale of the entire realty, not a part of it, and only when great prejudice to the widow *and heirs* would result from a division.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellee.

1. Since it appears from the decree that the case was heard on evidence which is not brought into this record, the court will presume that the evidence sustains the findings. 84 Ark. 429; 83 Ark. 79; 81 Ark. 427; *Id.* 327; 80 Ark. 74; 79 Ark. 192. The omission from the record of the oral testimony heard at the trial is fatal to the appeal. 87 Ark. 232; 84 Ark. 107; 83 Ark. 77; *Id.* 424.

2. The chancellor's finding that the dower could not be allotted in kind and that it was to the best interest of the parties that it be allotted in gross and enough land sold to pay the same, will not be disturbed unless clearly against the preponderance of the evidence. 85 Ark. 83; 84 Ark. 429; 81 Ark. 68; 87 Ark. 600; 79 Ark. 581; 88 Ark. 590.

3. The statute, section 2707, Kirby's Dig., is not limited to an "indivisible piece of real estate," as contended, but applies in any case where dower can not be allotted in kind without great prejudice to the parties, and where it is to their interest to sell the lands and pay a gross sum in lieu of dower. 3 Bush (Ky.) 667; 14 Cyc. 1007; 5 Am. & Eng. Enc. of L. 929; 3 Bland, 186, 278. Equity is the proper forum, where an assignment of dower cannot be made by metes and bounds. 7 Am. & Eng. Enc. of L. 193; 23 Ala. 616; 56 Ala. 397; 95 Ala. 269. See also 82 Ga. 247; 35 Mich. 415; 5 Am. & Eng. Enc. of L. 929.

McCULLOCH, C. J. A. V. Johnson, a resident of Lonoke County, Arkansas, died intestate, leaving a widow, the plaintiff, Fannie L. Johnson, and several children who are minors. He owned one thousand acres of land in the counties of Lonoke and Prairie, and said widow instituted this proceeding in the chancery court of Lonoke County, seeking an assignment of her dower. She alleged in her complaint that "the greater portion of said lands are wild, uncleared and not in cultivation, and that it will be difficult to allot dower out of said estate without great

prejudice to said petitioner or said heirs," and that it will be to the best interest of all parties that the said real estate be sold free from such dower, and "that such portion of the proceeds may be paid to her in lieu of dower as the court may deem equitable and just." She prayed that dower be allotted, and that, if the land could not be allotted in kind without prejudice, the same be sold, and her share of the proceeds of such sale be paid to her. The court rendered a decree directing the lands to be sold for the purpose of allotting to Mrs. Johnson a share of the proceeds as her dower; but an appeal was taken to this court, and the decree was reversed because two of the infant defendants had not been served with process. *Johnson* v. *Johnson,* 84 Ark. 307.

After the case was remanded, these defendants were properly brought in by service of process, and answers were filed for all of the defendants by their guardian. The court heard the case anew, and found that the widow's dower could not be allotted to her in kind without great prejudice to her and to the heirs. The court further found the total value of said real estate to be $15,000, that the present value of the widow's dower interest is $3,154.32; and directed that 520 acres of the land, describing it, be sold in order to raise funds to pay said sum to her. The heirs have again appealed.

The statute which it is claimed authorizes the sale of the decedent's land for the purpose of allotting dower out of the proceeds reads as follows:

"Sec. 2707. In proceedings had in circuit court for the allotment of dower, when it shall appear to the court that dower can not be allotted out of the real estate without great prejudice to the widow or heirs, and that it will be most to the interest of such parties that said real estate may be sold, the court may decree a sale of the real estate free from such dower, and that such portion of the proceeds may be paid to the widow in lieu thereof, or her interest therein secured, as to the court may seem equitable and just." (Kirby's Digest.)

It is contended by learned counsel for appellee that we should not attempt to review the evidence, for the reason that the recitals of the decree show that the action was heard on oral evidence, and that the same is not brought into the record.

The decree recites that the case was heard on the pleadings, depositions of certain witnesses, "records of the probate court in the matter of the guardianship of said minors, the admission of counsel and oral testimony that the lands described in the complaint are a correct list of the lands belonging to the estate of A. V. Johnson."

The above recital shows that the admission of counsel and oral testimony related entirely to a verification of the list of lands owned by the decedent described in the complaint. There was, and is, no controversy about this. The only issue of fact is whether or not the lands are susceptible of division for the purpose of assigning dower, without prejudice to the widow or heirs. The only testimony bearing on this issue is found in the record, and it is our duty to review it for the purpose of ascertaining whether the decree appealed from is correct.

After a careful review of all the testimony, we have reached the conclusion that there is none at all to support the finding that the land can not be divided without prejudice to the widow and heirs. The several tracts contain in the aggregate one thousand acres, only a small portion of which is in cultivation, and this is on the homestead. The lands are partly timbered lands and partly prairie lands—the latter being shown to be especially adapted to rice culture. Much of the land however is of poor quality and not very fertile. Nothing is shown in the evidence which renders the land incapable of division. Not a witness gives a reason why it cannot be divided without impairing its value. The case seems to have been tried below on the theory that it was sufficient to show that it would be to the best interests of the widow and heirs to sell the land and divide the proceeds, instead of dividing the land itself and allotting to the widow her proportionate share. In support of this theory, it was shown that much of the land is covered by timber, and that it would involve considerable expense, beyond the ability of the widow, to put the rice lands in cultivation. But this affords no reason for selling the land. The statute above quoted, authorizing the sale of real estate for allotment of the widow's dower out of the proceeds, does not mean this. The decree is inconsistent with itself in finding that the lands could not be divided without prejudice to the widow and heirs, and at the same time as-

certaining the present value of the widow's dower and segregating a portion of the land for sale for the purpose of raising funds to pay the widow's dower. If the lands could not be fairly divided, it was certainly unfair to the heirs to segregate a portion of them for the satisfaction of her claim, either with or without reference to the relative value of that portion. The effect of this would be to declare a lien on the lands of the decedent in favor of the widow for the *value* of her dower claim; and if this method of assigning dower should be pursued, it might result in selling the whole of the decedent's estate in order to satisfy the dower claims of the widow, thus depriving the heirs of their inheritance. Such is not the design of our statute. The widow's dower is to be carved out of the specific property of which her husband was possessed. *Hill* v. *Mitchell,* 5 Ark. 608; *Pike* v. *Underhill,* 24 Ark. 124; *Tiner* v. *Christian,* 27 Ark. 306; *Hoback* v. *Miller,* 44 W. Va. 635.

The design of the statute hereinbefore quoted is to prevent a denial of the widow's enjoyment of her dower because it cannot be set apart to her, and to authorize a sale where the estate cannot be divided without prejudice, so that the widow can be awarded a proportionate share in lieu of dower, or her interest therein secured.

It is unnecessary to a decision of the present case for us to say whether the operation of the statute is limited to sales of separate indivisible pieces of real estate. But we do hold that the statute does not authorize the sale of a part of the estate for the purpose of paying over to the widow the value of her dower interest, ascertained without reference to the amount of the proceeds of the sale. Our statutes on the subject of dower, when read together, clearly contemplate that the widow's dower shall either be carved out of the specific property possessed by her deceased husband or be allotted out of the proceeds of a sale thereof when it cannot be divided without prejudice, and that "such portion of the proceeds may be paid to the widow in lieu thereof, or her interest therein secured, as to the court may seem equitable and just."

The decree of the chancellor is erroneous, and it is therefore reversed, and the cause remanded with directions to assign

dower to the plaintiff out of said lands by allotment in kind, and for further proceedings not inconsistent with this opinion.

HART, J., not participating.