Nora GIBSON *v.* Merna W. GIBSON
and Cecil L. GIBSON

79-59                                              589 S.W. 2d 1

Opinion delivered October 8, 1979
(In Banc)

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Oscar Fendler* and *Moore & Gibson,* by: *Michael L. Gibson,* for appellees.

GEORGE ROSE SMITH, Justice. This is the second appeal in this case. *Gibson v. Gibson,* 264 Ark. 418, 572 S.W. 2d 146 (1978). We are of the opinion that the pivotal issue — the appellant's right to obtain a partition of the property in question — was decided on the first appeal, when all the essential facts were before us. Nevertheless, as the appellees argue several issues that were not argued on the first appeal, we shall discuss the case in some detail.

The facts are simple. The appellant's husband, Herman Gibson, owned 585.21 acres of land at his death in 1976. He was survived by the appellant, his widow, and by the appellees, two sons by an earlier marriage. Mrs. Gibson elected to take against the will. At Mrs. Gibson's request the probate court assigned as her dower a life estate in a specified 195.07 acres, exactly one third of the total acreage. Mrs. Gibson then brought this suit in chancery for a partition of that 195.07 acres, asking that the property be divided in kind if possible, and if not, that it be sold. We have statutes providing for the determination of the present value of a life estate. Ark. Stat. Ann., Title 50, Ch. 7 (Repl. 1971).

In the chancery case the appellees filed a motion to dismiss, the exact language of which is pertinent. Attached to the motion was a copy of the probate court order by which that court approved the report of its commissioners, dividing the entire acreage by allotting the widow a life estate in a specified 195.07 acres. The motion to dismiss admitted the plaintiff's life estate in the land and went on to assert as grounds for dismissal:

> 3. That a widow, having taken dower in Probate Court, cannot later go into Chancery against the remaindermen and obtain the sale of the fee for pur-

poses of partition, and the petition should therefore be dismissed.

4.    That the plaintiff, widow, who is a life tenant entitled to exclusive possession of said lands . . . cannot maintain a partition suit against the defendants, vested remaindermen, and the petition should therefore be dismissed.

5.    That, as admitted in the pleadings, the land described in the petition was divided according to the commissioners and by stipulation of counsel for plaintiff and counsel for defendants and the estate; and dower was allotted to the plaintiff for and during her natural life and has been confirmed by the court . . .

Wherefore, defendants pray that the petition filed herein be dismissed . . .

The chancellor simply dismissed the petition, without specifying the particular basis for the dismissal.

On the first appeal we pointed out that we had held in *Monroe v. Monroe,* 226 Ark. 805, 294 S.W. 2d 338 (1956), that one in exclusive possession of land as dower is not entitled to a decree of partition against the remaindermen. After the *Monroe* decision, however, the partition statute was amended to permit any person having an interest in land "as assigned or unassigned dower" to obtain partition. Act 324 of 1957; Ark. Stat. Ann. § 34-1801 (Supp. 1977). We therefore concluded on the first appeal that Mrs. Gibson was entitled to partition. The cause was remanded for further proceedings not inconsistent with the opinion.

On remand the appellees filed an answer asserting various defenses, including want of jurisdiction in the chancery court, res judicata, election of remedies, and estoppel. After a hearing, at which the probate court proceedings and testimony were introduced, the chancellor again dismissed the case, on what we take to be the plea of res judicata. The chancellor assumed that we were not aware on the first appeal that the 195.07 acres constituted only a third

of the decedent's land, not the whole of it. The chancellor concluded that Mrs. Gibson had already obtained what amounted to a partition in the probate court and could not obtain the same relief in chancery. He accordingly denied the petition for partition. Mrs. Gibson again appeals.

We have said that no principle of law is more firmly settled than the rule that matters decided upon one appeal become the law of the case and govern even this court upon a second appeal. *Wilson* v. *Rodgers,* 256 Ark. 276, 507 S.W. 2d 508 (1974). Moreover, the judgment on the first appeal is conclusive not only of every question of law or fact that was actually decided, but also of questions which might have been, but were not, presented. *Storthz* v. *Fullerton,* 185 Ark. 634, 48 S.W. 2d 560 (1932). In commenting on the *Storthz* case we explained the reason for the rule in *Moore* v. *Robertson,* 244 Ark. 837, 427 S.W. 2d 796 (1968):

> The appellee's contention is not now available to him, because it could and should have been made on the first appeal. The rule is that the decision on the first appeal is conclusive of any arguments that were or could have been made at that time. *Storthz* v. *Fullerton, supra.* The case at bar confirms the wisdom of the rule. If the appellee's contention has merit — a point which we do not decide — its assertion on the first appeal would have done away with the necessity for a second trial and a second appeal, with their attendant expenditure of time and money. Such waste can be effectively prevented only by a strict adherence to the principle that points not urged upon the first appeal are not available later on.

In the case at bar all the pertinent facts were before us on the first appeal. The record showed that the probate court had awarded dower to the widow, that the commissioners' report allotting her a life estate in a specified 195.07 acres (which of course could not have been all the land) had been approved, and that on the basis of that allotment the widow sought a partition in chancery, in kind or by sale, as between her as a life tenant and the defendants as remaindermen. The motion to dismiss had specifically asserted that the widow,

having taken dower in probate court, could not later go into chancery and obtain the sale of the fee for purposes of partition. Consequently nearly every argument that is now made could have been presented upon the same essential facts upon the first appeal. Hence our decision upon that appeal is conclusive of most of the issues.

We may, however, point out briefly that all the appellees' present arguments are without merit. The doctrine of election of remedies prevents a person from pursuing two remedies only when they are inconsistent. *Kapp* v. *Bob Sullivan Chevrolet Co.*, 232 Ark. 266, 335 S.W. 2d 819 (1960). When a party has two or more concurrent and consistent remedies, he may pursue one or all until satisfaction is had. *Davis* v. *Lawhon*, 186 Ark. 51, 52 S.W. 2d 887 (1932). That is the situation here.

Mrs. Gibson unquestionably had a right to go into the probate court to obtain an allotment of her dower. She could not have obtained a sale of the land in that proceeding, because the commissioners found that her life estate could be set aside in kind. That finding precluded a sale. Ark. Stat. Ann. § 62-717 (Repl. 1971); *Johnson* v. *Johnson*, 92 Ark. 292, 122 S.W. 656 (1909). Indeed, Mrs. Gibson may possibly still not obtain a sale, for the property may be susceptible of a division in kind. Ark. Stat. Ann. §§ 34-1801 and 34-1817.

It has been suggested, apparently on the theory of res judicata, that the probate court might have partitioned the land in the proceeding for the allotment of dower. No such power existed. The probate court, although a court of superior jurisdiction, is also a court of special and limited jurisdiction which has only such powers as are expressly conferred by the constitution or by statute or are necessarily incident to such express powers. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W. 2d 810 (1976). There is no statute conferring upon the probate court the power to partition land. The personal representative certainly has the privilege of applying to the probate court for the *sale* of land in the administration of a decedent's estate. Ark. Stat. Ann. §§ 62-2401 and 62-2704 (Repl. 1971). But the probate court's authority to order a sale does not emcompass the power to order a partition, which is preferably accomplished by a division in kind.

Furthermore, the application for a sale must be made only for certain purposes and by the personal representative, not by the widow. There is no language in *Doss* v. *Taylor*, 244 Ark. 252, 424 S.W. 2d 541 (1968), cited by the appellees, indicating that the probate court has the power to partition land. That power simply does not exist.

Since the widow could not have obtained a partition in the proceeding to assign dower, that proceeding cannot be the basis for the pleas of res judicata, election of remedies, and estoppel. The widow, having obtained her dower as an undivided interest in a specified 195.07 acres, has an absolute right to seek partition under the amended statute which we held to be controlling on the first appeal. As we said in *Davis* v. *Lawhon, supra,* one may pursue consistent remedies until satisfaction is had.

The appellees perfunctorily argue that the partition and dower statutes deny due process and equal protection, but those contentions were not raised in the trial court and are therefore not before us.

The decree is reversed and the cause remanded with directions that the appellant's right to a partition of the property be carried into effect.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with the majority for in my view the partition proceedings in probate court are res judicata of the issues here — *i.e.* if the widow desired to have her dower rights reduced to their present value pursuant to Ark. Stat. Ann. § 34-1801 (Supp. 1977) such proceeding should have been requested when the parties were there arguing about whether the partition of the dower could be equitably laid out.

The majority suggests that the probate court does not have constitutional jurisdiction to partition lands and cites as authority *Johnson* v. *Johnson*, 92 Ark. 292, 122 S.W. 656 (1909). However, the good citizens of this State in 1938 adopted Constitutional Amendment No. 24 (Art. 7 § 34) which provides:

"In each county the Judge of the court having jurisdiction in matters of equity shall be judge of the court of probate, and have such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law. The judge of the probate court shall try all issues of the law and of facts arising in causes or proceedings within the jurisdiction of said court, and therein pending. The regular terms of the courts of probate shall be held at such times as is now or may hereafter be prescribed by law; and the General Assembly may provide for the consolidation of chancery and probate courts."

Furthermore, the General Assembly by Acts 1961, No. 424 (Ark. Stat. Ann. § 62-2401) specifically provided for the partition of real estate by the probate court. See *Doss* v. *Taylor*, 244 Ark. 252, 424 S.W. 2d 541 (1968). Consequently, it appears to me that the probate court had jurisdiction of the parties and the subject matter at that time they litigated the partition of the lands for the purpose of the assignment of dower. See also Ark. Stat. Ann. § 62-717 (Repl. 1971).

It is also suggested that appellees are foreclosed from claiming res judicata in this proceeding because of the former appeal. With this suggestion I beg to disagree. On the first appeal the only issue before us arose on a motion to dismiss because a life tenant could not have partition, *Gibson* v. *Gibson*, 264, Ark. 420, 572 S.W. 2d 148 (1978). In reversing on the first appeal we only considered the one issue. Furthermore, res judicata is a defense that must be pleaded and proved and can only be reached after a trial on the merits or upon a motion for summary judgment after the facts have been established. In *Hurst* v. *Hurst*, 255 Ark. 936, 504 S.W. 2d 360 (1974), we said that res judicata "cannot properly be raised by a motion to dismiss." See also *Southern Farmers Assn.* v. *Wyatt*, 234 Ark. 649, 353 S.W. 2d 531 (1972).

The suggestion that such a partition suit can only be brought in chancery court as distinguished from the probate

court encourages vindictive litigation — *i.e.* under the majority's view, the widow can force the heirs to sell other lands to pay for estate taxes and then gouge the heirs a second time by again being put to the additional expense of a partition suit for the purpose of selling the remaining lands. Statutes should be construed as a whole and be given a construction that will settle litigation in one suit instead of two. Added to the absurdity of the majority opinion is the fact that the same trial judge sits both as chancellor and probate judge and tries all issues in both courts by the same procedure.

The final injustice in permitting the widow to take two bites at her dower rights can best be demonstrated by the majority's illogical reasoning — *i.e.* the majority acknowledges that a widow seeking dower rights cannot obtain a sale when dower can be laid out in kind. However, the majority by permitting the widow to seek in the probate court an allotment of a one-third life estate in particular lands which includes improvements then permits the widow to file a partition suit in chancery court to reduce her dower rights to a fee title. If the widow has caused her dower rights in the probate proceeding to be allotted so that the lands are not susceptible to further division, then the widow can force a sale of the lands for purposes of securing her dower rights contrary to the authority of *Johnson* v. *Johnson*, 92 Ark. 292, 122 S.W. 656 (1909). Of course it goes without saying that the division in kind of a partial interest from a whole tract is much different from a division in kind from only a part of such lands. In fact the widow here contends that the land in which her dower was allotted is not now susceptible to a further division in kind.

For the reasons herein stated, I respectfully dissent.