Samuel E. JONES and Blanche JONES
*v.* James P. SEWARD et al

81-145                                   625 S.W. 2d 443

Supreme Court of Arkansas
Opinion delivered November 30, 1981

*Dale W. Finley,* for appellants and cross-appellees.

*Richard L. Peel,* for appellees and cross-appellants.

ROBERT H. DUDLEY, Justice. We are considering this boundary line dispute for the second time. Appellants Samuel Jones and Blanche Jones owned property as tenants by the entirety which adjoined Gerald Ledford's property. Fences had existed between the tracts but the parties did not know the exact location of the boundary line as described in their deeds. A surveyor was employed by Ledford to establish the boundary after conversations between the two had not been fruitful. Samuel Jones and Ledford agreed the surveyed line was the boundary. Subsequently Ledford sold part of his land to appellees, the Sewards, a dispute ensued and this

suit was filed. The trial court ruled that the boundary line was settled by the oral agreement. We reversed and remanded because there was no evidence that Blanche Jones knew of the survey or agreed to the settlement of the dispute. We remanded the cause without prejudice to either party to establish the true boundary line. *Jones* v. *Seward*, 265 Ark. 225, 578 S.W. 2d 16 (1979).

At the second trial the chancellor found that the fence constructed in the 1950's was the boundary. It is undisputed that appellees had destroyed that fence. Appellants now ask that the case be remanded with instructions to award compensatory damages for the destruction of the fence. We affirm the holding of the trial court as the amount of damages was neither proved nor proffered. Any award of damages would have been merely speculative. We will not reverse a refusal to award damages where the proof of damages is deficient or speculative. *Poindexter* v. *Cole*, 239 Ark. 471, 389 S.W. 2d 869 (1965).

The Sewards cross-appeal contending that the trial court committed error at the second trial in not considering evidence that Blanche Jones agreed to the survey. On the first appeal we held that there was no evidence that Blanche Jones knew of the survey "or acted in any manner that she was in agreement that the survey constituted the agreed boundary." The judgment of the first appeal became the law of the case and was conclusive not only of every question of law or fact actually decided, but also of questions which might have been, but were not, decided. *Storthz* v. *Fullerton*, 185 Ark. 634, 48 S.W. 2d 560 (1932). The rationale of the law of the case was succinctly set out in *Moore* v. *Robertson*, 244 Ark. 837, 427 S.W. 2d 796 (1968).

> The appellee's contention is not now available to him, because it could and should have been made on the first appeal. The rule is that the decision on the first appeal is conclusive of any arguments that were or could have been made at that time. *Storthz* v. *Fullerton*, supra. The case at bar confirms the wisdom of the rule. If the appellee's contention has merit — a point which we do not decide — its assertion on the first appeal

would have done away with the necessity for a second trial and a second appeal, with their attendant expenditure of time and money. Such waste can be effectively prevented only by a strict adherence to the principle that points not urged upon the first appeal are not available later on.

The decision of the trial court was correct as to the fact of Blanche Jones' absence of agreement was established on the first appeal.

Affirmed.