Ernest Ray HICKERSON *v.* STATE of Arkansas

CR 85-37                                        693 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Honey & Rodgers*, by: *Danny P. Rodgers*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is the second appeal in this case. *Hickerson v. State*, 282 Ark. 217, 667 S.W.2d 654 (1984). There we reversed Hickerson's convictions for kidnapping and rape. We voided the burglary conviction because we found no substantial evidence to support the conviction. He had

also been charged with the use of a firearm in the commission of each of these offenses. At his first trial, the jury found that Hickerson had not used a firearm. On remand the state elected to prosecute Hickerson in Howard County for kidnapping, with the rape charge to be brought in another county. Hickerson was convicted of kidnapping and sentenced to 20 years imprisonment and a $10,000 fine. His three arguments for reversal are meritless.

First, Hickerson argues it was error to permit this jury to hear evidence that he had used a gun because a previous jury found that he had not. The trial judge ruled that Hickerson could not again be *tried* for using a firearm, but the fact that he used a firearm would be admitted. The victim was allowed to testify that Hickerson had a gun. Another witness testified that Hickerson had a gun earlier that evening. The argument Hickerson made below was that the evidence should have been excluded because the issue was *res judicata*. On appeal he also suggests that the doctrine of the law of the case prevented mention of the gun. The argument must fail because *res judicata* only prevents the relitigation of issues that were litigated before or might have been litigated. *Hastings* v. *Rose Courts*, 237 Ark. 426, 373 S.W.2d 583 (1963). At the first trial, whether Hickerson used a firearm was indeed a litigated issue because he was charged with the separate offense of using a firearm; had he been found guilty of that charge, his sentence would have been enhanced. On retrial this issue was not submitted to the jury for their determination and, therefore, there was no violation of the doctrine of *res judicata*.

The doctrine of the law of the case prevents issues from being raised on a second appeal that were urged in the first appeal unless the evidence materially differs between the two appeals. *Upton* v. *State*, 257 Ark. 424, 516 S.W.2d 905 (1974); *Mode* v. *State*, 234 Ark. 46, 350 S.W.2d 675 (1961).

In the first appeal we ordered the burglary conviction dismissed because since the jury found Hickerson had not used a firearm we determined that there was no substantial evidence that Hickerson entered the McLaughlin home intending to commit a felony. We did not say that on retrial any evidence of Hickerson having a gun must be excluded. Therefore, the doctrine of the law of the case would not preclude us from

affirming the trial court. As the trial judge found, to exclude such testimony would require the witnesses to color the facts as they perceived them. Whether Hickerson used a gun was not at issue on retrial, but the victim's perception of the events was relevant. The evidence of the use of the gun was obviously relevant, although not essential, to the charge of kidnapping which contains the element of restraint without consent. Ark. Stat. Ann. § 41-1702 (Repl. 1977). So, the admissibility of testimony regarding the gun was not precluded by the doctrine of *res judicata* or law of the case on a retrial. Such evidence is often necessary to present a clear picture of the crime to the jury, *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985); *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981). This is not a case where the jury would have to believe that Hickerson had a gun in order to convict him. That fact, however, is an inseparable part of the crime as the witnesses perceived it. See *United States* v. *Van Cleave*, 599 F.2d 954 (10th Cir. 1979); *State* v. *Varner*, 329 S.W.2d 623 (Mo. 1959); see also Weinstein's Evidence ¶ 404 (10) (1984).

■ Appellant argues for the first time that the identification evidence was inadmissible. This issue is one that could have been raised in the first appeal. Therefore, the appellant is precluded from raising it now. *Turner* v. *State*, 258 Ark. 425, 527 S.W.2d 580 (1975); *Gibson* v. *Gibson*, 266 Ark. 622, 589 S.W.2d 1 (1979).

■ The final argument is that Hickerson could not receive a greater sentence at this trial than he had at the first trial. At his first trial, the jury was incorrectly instructed that the penalty range was 4 to 10 years for kidnapping without the use of a firearm. Hickerson was sentenced there to 10 years imprisonment for kidnapping without the use of a firearm. On remand the jury was correctly instructed that the penalty range was from 5 to 20 years imprisonment if the victim was voluntarily released in a safe place, 10 to 40 years imprisonment, or life, if not so released. The appellant argues that the doctrine of the law of the case requires that the instructions should be the same on remand. We have held that the law of the case does not preclude the correction of error. *Washington* v. *State*, 278 Ark. 5, 654 S.W.2d 255 (1982).

■ We recently decided that a successful appellant could

receive a greater sentence on remand. *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985). A jury determined Hickerson's sentence at both trials. There was no chance of vindictiveness by the trial judge which is the evil from which the appellant must be protected. Since the jury rendered the sentence at both trials, and the second jury was not aware of the sentence imposed by the first jury, there was no error.

Affirmed.

GEORGE ROSE SMITH, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion acknowledges that the appellant contends that either *res judicata* or the law of the case prevented the introduction of evidence relating to appellant having a gun because the jury at the first trial found he did not have a gun. The opinion then states: "The argument must fail because *res judicata* only prevents the relitigation of issues that were litigated before or might have been litigated." That is a perfectly good statement of the law. Not only could the issue of the appellant having had a gun at the time of the alleged crime have been tried—it was tried and the jury determined that he did not have a gun at the time he committed the crimes. A statement that "no principle of law is more firmly settled than the rule that matters decided upon one appeal become the law of the case and govern even this court upon a second appeal" was made in *Gibson* v. *Gibson*, 266 Ark. 622, 589 S.W.2d 1 (1979). "The impact of the law of the case is as great on questions of admissibility of evidence . . . as on any other question." *Upton* v. *State*, 257 Ark. 424, 516 S.W.2d 904 (1974). *See also Fuller* v. *State*, 246 Ark. 704, 439 S.W.2d 801 (1969). "The judgment of the first appeal became the law of the case and was conclusive not only of every question of law or fact actually decided, but also of questions which might have been, but were not, decided." *Jones* v. *Seward*, 274 Ark. 339, 625 S.W.2d 443 (1981). There is no need to cite more authority for the proposition that the issue of a gun was settled with the first case. There was no gun to be considered by the second jury.

It may have been necessary to allow the victim to mention the fact that she thought she saw a gun in order to properly tell her

story. However, by no stretch of the imagination can it be said that the events testified to by the independent witness, Darrell Wayne Pryor, were a part of the res gestae. When the witness was on the stand the state asked this question: "Let me ask you this. Did Ernest Ray have a gun that evening?" The appellant's objection to the question was overruled. The witness's only function appears to have been to establish that appellant possessed a pistol before the crime for which he has been convicted occurred.

If we are to follow the law of the case or *res judicata* we are bound to reverse this case because of the flagrant violation of these two well established doctrines.

The matter of a firearm having been disposed of in the first trial, it was not relevant to the issues before the trial court. The only purpose of such evidence was to inflame the jury.

I will address the double jeopardy issue now. I am aware that both this court and the United States Supreme Court have whacked away at *North Carolina* v. *Pearce*, 395 U.S. 711 (1969). We followed *Pearce* in *Marshall* v. *State*, 265 Ark. 302, 578 S.W.2d 32 (1979) and quoted from the opinion. "[W]e have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." That statement does not mention a jury. It makes no difference whether a judge or a jury finds a defendant guilty; it is the *judge* who imposes the sentence. The Arkansas Court of Appeals followed *Marshall* in *Cockerel* v. *State*, 266 Ark. 908, 587 S.W.2d 596 (1979).

Not only does the prevention of imposition of a greater sentence protect the accused from the vindictiveness of a judge, clearly *Pearce* and *Marshall* were written to protect him from a greater sentence on the same facts. It appears that the facts of this case were essentially the same in both trials. In fact there was probably less evidence of appellant's conduct in the second trial than the first. There was absolutely no evidence of vindictiveness in *Marshall* or *Cockerel*. Those decisions held that in the absence of aggravating circumstances or further proof of evil on the part of the defendant the second sentence could not be greater than the first. In any event, the reasons for a greater sentence should be set out in the record.

I would reverse and remand.